UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

AMERICAN MANUFACTURERS MUTUAL
INSURANCE CO. and AMERICAN
MOTORISTS INSURANCE CO.,

NO. CIV. S 05-0122 MCE GGH

    Plaintiffs,

  v.                             MEMORANDUM AND ORDER

CAROTHERS CONSTRUCTION, INC.,
DAVID L. CAROTHERS, and
TERRI L. CAROTHERS,

    Defendants.

----oo0oo----

    Defendants Carothers Construction, Inc., David Carothers, and Terri Carothers (collectively "Defendants") have asked this Court to dismiss the present action, filed by Plaintiffs American Manufacturers Mutual Insurance Co. and American Motorists Insurance Co. (collectively "Plaintiffs"), for lack of subject matter jurisdiction, improper venue, and nonjusticiability.  For

1

the reasons discussed below, Plaintiffs' motion is DENIED.[1]

## BACKGROUND[2]

Plaintiffs are sureties who issued payment and performance bonds on behalf of Defendants in connection with various construction projects in the Eastern District of California pursuant to a general agreement of indemnity (the "Indemnity Agreement"). The Indemnity Agreement was executed on June 7, 2001, in favor of Plaintiffs and named Defendants as individual indemnitors. (Mot. to Dis. at 4:13-17; Compl. at 2:17-3:6; Indemnity Agreement at 1, 2, and 5.)

Plaintiffs allege that they have received, investigated and resolved, or are resolving, claims under bonds they issued on behalf of Defendants. (Compl. at 3:26-4:5; 4:13-16.) As a result of these claims, Plaintiffs allege that they have incurred over $1,000,000 in damages. (Compl. at 4:5-12; 4:16-23; Opp'n at 5:1-6.)

In addition to the present federal action, Plaintiffs and Defendants are involved in extensive litigation in state court. (Mot. to Dis. at 3:3-18.) Defendants argue that this action should be consolidated with the other actions being resolved in state court because this Court lacks subject matter jurisdiction,

---

[1] This matter was deemed suitable for decision without oral argument. Local Rule 78-230(h).

[2] Some of the factual allegations as set forth in this section are disputed by the parties. To the extent either party has interposed evidentiary objections to said allegations, those objections are overruled unless otherwise noted.

venue is improper, and the case is nonjusticiable for lack of ripeness. (Mot. to Dis. at 3:3-6; 3:15-18.) In opposition, Plaintiffs claim that the present case is properly before this Court.

## STANDARD

The district courts have jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. 28 U.S.C. § 1332(a). A corporation is a citizen of any state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

With regard to venue, a civil action where jurisdiction is based on diversity of citizenship may be brought in a judicial district where any defendant resides, if all defendants reside in the same state. 28 U.S.C. § 1391.

Finally, ripeness is a question of timing, designed to "prevent courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Abbott Laboratories v. Gardner, 387 U.S. 136, 148 (1967) (abrogated on different grounds). The courts' role is "neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution. Thomas v. Anchorage Equal Rights Com'n., 220 F.3d 1134, 1138 (9th Cir. 2000).

The Ninth Circuit has found the ripeness inquiry to contain

3

both constitutional and prudential components. Portman v. County of Santa Clara, 995 F.2d 898, 902 (9th Cir. 1993). "The constitutional component of the ripeness inquiry is often treated under the rubric of standing and, in many cases, ripeness coincides squarely with standing's injury in fact prong . . . [I]n measuring whether the litigant has asserted an injury that is real and concrete rather than speculative and hypothetical, the ripeness inquiry merges almost completely with standing." Thomas, 220 F.3d at 1138-39 (internal citations and quotations omitted). Thus, in assuring that the jurisdictional prerequisite of ripeness is satisfied, courts must consider whether the plaintiff has 1) sustained a direct injury, 2) faces a realistic danger of sustaining a direct injury, or 3) alleged an injury that is too imaginary or speculative to support jurisdiction. See id. at 1139 (internal citations and quotations omitted).

In evaluating the prudential aspects of ripeness, the court's analysis "is guided by two overarching considerations: [1] the fitness of the issue for judicial decision and [2] the hardship to the parties of withholding court consideration." Id. at 1141 (internal citations and quotations omitted).

**ANALYSIS**

**1.   Subject Matter Jurisdiction**

Defendants assert that Plaintiffs cannot establish subject matter jurisdiction and, therefore, the present action should be dismissed pursuant to Rule 12(b)(1). The Court disagrees.

4

1  Plaintiff's have pled sufficient facts to invoke the diversity
2  jurisdiction of this Court.  The Court has carefully considered
3  Defendants' arguments to the contrary and found them to be
4  without merit.
5     First, Plaintiffs have alleged an amount in controversy
6  exceeding the $75,000 jurisdictional minimum.  (Compl. at 2:12-
7  14; 4:5-23.)  Second, diversity exists between all Plaintiffs and
8  all Defendants in this action.  Both plaintiffs are Illinois
9  corporations, which have their principal places of business in
10 Illinois.  (Compl. at 1:23-25; 2:1-2.)  In contrast, two of the
11 defendants are individual California citizens and the third
12 defendant is a California corporation with a principal place of
13 business in California.  (Compl. at 2:5-11.)
14    Defendants have failed to provide any evidence that
15 Plaintiffs' jurisdictional allegations are not true.[3]  Notably,
16 Defendants admit that Plaintiffs' allegations are, in fact, true.
17 (Mot. to Dis. at 3:26-27; 4:2-9 (stating that Plaintiffs are
18 Illinois corporations with principal places of business in
19 Illinois))
20    Pursuant to 28 U.S.C. §§ 1332(a) and 1332(c), the Court
21 finds that subject matter jurisdiction does indeed exist, and,
22 therefore, Defendant's motion to dismiss for lack of subject
23 matter jurisdiction is denied.
24 //
25 //
26
27   [3] Simply conducting business in California does not
28 invalidate Plaintiffs' jurisdictional claims nor does it establish California as Plaintiffs' primary place of business.

**2.     Proper Venue**

Defendants assert that the Eastern District of California is an improper venue and, therefore, the present action should be dismissed pursuant to Rule 12(b)(3).  Venue is proper in any federal district where any defendant resides, if all defendants reside in the same state.  28 U.S.C. § 1391(c).

Here, pursuant to 28 U.S.C. §§ 1391(a), 1391(c), all Defendants are California residents who reside in the Eastern District of California.  (Mot. to Dis. at 4:6-9.)  Therefore, the Court finds that venue is indeed proper.[4]  Defendants motion to dismiss for lack of proper venue is denied.

**3.     Justiciability**

Defendants assert that Plaintiffs' action is nonjusticiable for lack of ripeness.  In accordance with the law discussed in the Standard section above, Plaintiffs have alleged concrete injury that is neither speculative, imaginary, nor hypothetical in nature.  Plaintiffs have alleged specific monetary damages as a result of Defendants' failure to act in accordance with the Indemnity Agreement. (Compl. at 3:9-26.)

The Court finds that this case is fit for judicial decision and if it were to withhold judicial review, Plaintiffs would suffer considerable financial hardship.  Defendants' motion to dismiss for lack of ripeness is, therefore, denied.

---

[4] The Court notes that Federal Rule of Civil Procedure 42(a) is inapplicable in the present situation.

**CONCLUSION**

For the aforementioned reasons, Defendants' motion to dismiss and remand is DENIED.

IT IS SO ORDERED.

DATED: April 25, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE