UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AMERICAN MANUFACTURERS
MUTUAL INSURANCE COMPANY
and AMERICAN MOTORISTS
INSURANCE COMPANY,

    Plaintiffs,

  v.

CAROTHERS CONSTRUCTION INC.,
DAVID L. CAROTHERS, and
TERRI L. CAROTHERS,

    Defendants.

NO. 2:05-cv-00122-MCE-GGH

ORDER

----oo0oo----

Plaintiffs have brought this action to recover payments made in connection with surety bonds issued to Defendant Carothers Construction Inc. A jury trial was initially scheduled for September 27, 2006, then continued pursuant to stipulation of the parties and court order to June 13, 2007. On January 5, 2007, Plaintiffs applied for an Order for Issuance of Writ of Attachment against certain assets of the Defendants.
//

1

1 | In the meantime, Plaintiffs also, on February 16, 2007, moved (in
2 | separate motions filed on behalf of both American Motorists and
3 | American Manufacturers) for partial summary judgment.
4 | Thereafter, on April 2, 2007, while Plaintiffs' summary
5 | adjudication requests remained pending, Defendants, for their
6 | part, filed a Motion to Continue the June 13, 2007 trial date and
7 | to exclude Plaintiffs' designation of expert L. Neal Foxhall as
8 | untimely.
9 | On May 22, 2007 the Court, on its own motion and due to its
10 | own unavailability, continued the June 13, 2007 trial date to
11 | August 20, 2007.  Subsequently, on August 6, 2007, also because
12 | of its own calendaring restrictions, the August 20, 2007 trial
13 | date was moved to October 22, 2007 where it currently stands.
14 | By Memoranda and Orders dated August 8, 2007 and August 13,
15 | 2007, respectively, the Court granted partial summary
16 | adjudication on the liability issues presented by American
17 | Manufacturers' and American Motorists' claims.  The Court
18 | nonetheless declined to summarily adjudicate the amount of
19 | damages attributable to that liability on grounds that the extent
20 | of that liability remained uncertain due to factual issues.
21 | The attachment requests remain pending before the Court.
22 | With respect to the initial April 2, 2007 Motion to Continue,
23 | that request was rendered moot by the Court's own continuances.
24 | Moreover, and in any event, Plaintiffs have filed a second Motion
25 | to Continue the now set October 22, 2007 due to their own
26 | scheduling concerns; specially, the unavailability of a key
27 | witness and the designated client trial representative,
28 | Stephen J. Beatty.

1  Given that unavailability, Plaintiffs requested a trial
2  continuance to December 2007, or as soon thereafter as the
3  Court's calendar may accommodate.  While defense counsel
4  initially opposed that request, on September 7, 2007 they
5  withdrew that opposition due to a trial conflict on their part
6  and requested a new trial date in January of 2008.  Given that
7  non-opposition, and good cause appearing therefor, Plaintiff's
8  Motion to Continue the October 22, 2007 trial date is GRANTED.
9  Trial will now be set for January 23, 2008.  By separate order,
10 new deadlines associated with that new trial date will be
11 established.
12     Having established a new trial date, the Court must also
13 dispose of two remaining matters as outlined above.  First, with
14 respect to Plaintiff's Applications for Orders of Attachment,
15 those requests are DENIED.  As set forth in the Court's Orders on
16 summary judgment, the amount of any damages owed by Defendants to
17 Plaintiffs remains disputed and in flux due to unresolved factual
18 issues as to those damages.  California Code of Civil Procedure
19 section 483.010 authorizes attachment only if money claims upon
20 which attachment requests are predicated are "fixed or readily
21 ascertainable.[1]  Because Plaintiffs' claims do not meet this
22 standard, their attachment requests are not proper at this
23 juncture.
24 ///
25 ///

---

[1] California law is determinative in assessing the propriety of attachment.  Federal Rule of Civil Procedure 64 authorizes attachment in lawsuits before this Court "in the manner provided by the law of the state in which the district court is held."

1    Second, Defendants' Motion to Exclude the expert of
2 testimony of L. Neal Foxhall will also be denied.  The
3 Declaration of Plaintiffs' counsel, Joel M. Long, indicates that
4 on December 16, 2006, the parties agreed to an open extension of
5 time with respect to further expert disclosure (after Mr. Foxhall
6 has initially been designated as an expert on November 28, 2006)
7 pending the outcome of mediation efforts in the related state
8 court action on January 31, 2007.  According to attorney Long,
9 after those mediation efforts failed, and without any further
10 request from counsel for the defense, Mr. Foxhall's expert report
11 was furnished on or about March 16, 2007.  See Long Decl., ¶¶ 19-
12 21.

13    Although defense counsel takes issue in general terms with
14 whether an open extension on producing Mr. Foxhall's report was
15 agreed, he does not dispute either the specific representations
16 of Mr. Long as to a telephone conversation on that topic, or the
17 fact that a continuance would have made sense pending efforts to
18 settle the case by mediation.  Moreover, and in any event, there
19 is no dispute that a full report was provided and that there has
20 been ample time for Defendants in the meantime to have discovered
21 the basis for Mr. Foxhall's opinions given the several trial
22 continuances that have been extended in this matter as discussed
23 above.  Hence, to the extent Mr. Foxhall's testimony remains
24 relevant in the wake of the Court's liability determination in
25 favor of Plaintiffs upon summary judgment, his designation as an
26 expert will not be stricken.
27 ///
28 ///

4

1  Plaintiffs are directed to make Mr. Foxhall available for
2  deposition within the next thirty (30) days, or at such later
3  time as the parties may agree, should Defendants wish to depose
4  him in advance of trial.
5     In sum, then, the currently pending Motions/Applications
6  before the court are adjudicated as follows:[2]
7     1) Plaintiffs' January 5, 2007 Applications for Writs of
8  Attachment are DENIED;
9     2) Plaintiffs' April 2, 2007 Motion to Continue Trial and to
10 Exclude Plaintiff's Expert is moot as to the continuance request
11 and DENIED to the extent that exclusion of Plaintiff's Expert L.
12 Neal Foxhall is sought;
13    3) Plaintiffs' August 10, 2007 Motion to Continue the
14 October 22, 2007 trial date is GRANTED, with additional deadlines
15 to be provided by separate Order of this Court in connection with
16 the new January 23, 2008 date on which trial is now scheduled to
17 commence.
18    IT IS SO ORDERED.

Dated: September 19, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument were deemed to not be of material assistance, the Court ordered these matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

5