1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   JAMES P. DIWIK (Bar No. 164016)
2  CHRISTOPHER A. NEDEAU (Bar No. 081279)
   JOEL M. LONG (Bar No. 226061)
3  One Market Plaza
   Steuart Tower, 8th Floor
4  San Francisco, California 94105
   Telephone: (415) 781-7900
5  Facsimile: (415) 781-2635

6  Attorneys for Plaintiffs
   American Manufacturers Mutual Insurance Company
7  and American Motorists Insurance Company

8
                    UNITED STATES DISTRICT COURT
9
                    EASTERN DISTRICT OF CALIFORNIA
10

11
   AMERICAN MANUFACTURERS                    CASE NO. 2:05-cv-00122-MCE-GGH
12 MUTUAL INSURANCE COMPANY, et
   al.,                                      **EX PARTE APPLICATION TO
13                                           CONTINUE TRIAL BASED ON TRIAL
                Plaintiffs,                  COUNSEL UNAVAILABILITY;**
14
          v.                                 **ORDER THEREON**
15
   CAROTHERS CONSTRUCTION, INC.,             Date:     TBD
16 et al.,                                   Time:     TBD
                                             Location: Courtroom No. 3, 15th Floor
17              Defendants.                  Judge:    Hon. Morrison C. England, Jr.

18                                           Trial Date: January 28, 2008

19

20

21       Plaintiffs American Manufacturers Mutual Insurance Company and American Motorists

22  Insurance Company, pursuant to Local Rule 6-144(e), submit this ex parte application to

23  continue the currently scheduled January 28, 2008 trial date for at least 30 days based on the

24  unanticipated unavailability of trial counsel, Christopher A. Nedeau, Esq.  Plaintiffs have met

25  and conferred with defendants in an attempt to obtain a stipulated continuance, but defendants

26  have refused to stipulate.  This ex parte application follows, with plaintiffs seeking ex parte

27  relief, as opposed to filing a noticed motion, due to the fact that the trial date is less than three

28  weeks away.

I.  **RELEVANT FACTS**[1]

    A.  **Mr. Nedeau's Unavailability**

Mr. Nedeau an experienced trial attorney and a partner with the law firm of Sedgwick, Detert, Moran & Arnold LLP ("Sedgwick"). (Declaration of Christopher A. Nedeau in Support of Plaintiffs' Ex Parte Application to Trial ("Nedeau Dec.") at 1:21-24, 2:4-7.) Prior to joining Sedgwick, Mr. Nedeau served as an Assistant District Attorney for the City and County of San Francisco and a Special Assistant United States Attorney for the Department of Justice on the Organized Crime and Racketeering Strike Force. (Nedeau Dec. at 2:4-6.) Mr. Nedeau has tried approximately 100 criminal and civil cases to verdict. (Nedeau Dec. at 2:7.)

Mr. Nedeau became involved in the instant case in July 2007 for the specific purpose of conducting the jury trial on plaintiffs' behalf. (Nedeau Dec. at 2:8-9.) Mr. Nedeau was available to, and planned to, try the case on previous but later vacated trial dates in this matter, including August 20, 2007, and October 28, 2007.[2] (Nedeau Dec. at 2:10-11.)

Mr. Nedeau expected that he would be available to try the case as scheduled on January 28, 2008, and has prepared accordingly. (Nedeau Dec. at 2:12-16) Mr. Nedeau was scheduled to have a right hip arthroplasty revision on December 18, 2007, and based on his experience with several prior orthopedic surgeries, expected that he would be sufficiently recovered to resume courtroom activity, including trial work, by late January 2008. (Nedeau Dec. at 2:17-19.) Thus, plaintiffs did not seek a continuance of the January 28, 2008 trial date in December 2007 or prior. (Nedeau Dec. at 2:20-21.)

However, in light of the condition of Mr. Nedeau's hip revealed during the surgery, the extensive work required to repair the hip at that time, and post-operative evaluation of Mr. Nedeau and his recovery, Mr. Nedeau's surgeon, Miguel E. Cabanela, M.D. of the Mayo Clinic in Rochester, Minnesota, now believes that Mr. Nedeau should refrain from any courtroom

---

[1] The facts above are supported by the declarations of Christopher A. Nedeau and Miguel E. Cabanela, M.D. filed concurrently herewith.

[2] The October 22, 2007 trial date, which was set by the Court on its own motion, was continued at plaintiffs' request due to the unavailability of plaintiffs' client representative and key witness, Stephen Beatty.

1  activity, including trying cases, for a minimum period of eight weeks after the surgery, which
2  took place on December 20, 2007.  (Nedeau Dec. at 2:26-28, 3:1; Declaration of Miguel E.
3  Cabanela, M.D. in Support of Plaintiffs' Ex Parte Application to Trial ("Cabanela Dec.") at 2:4-
4  9.)  Were Mr. Nedeau to do otherwise, Dr. Cabanela believes that it would jeopardize the
5  effectiveness of the surgical repair to his hip, delay his recovery, or both.  (Nedeau Dec. at 3:2-3;
6  Cabanela Dec. at 2:10-11.)  Dr. Cabanela has advised Mr. Nedeau of these matters and directed
7  him to refrain from any courtroom activity, including trying cases, for a minimum period of eight
8  weeks after the surgery.  (Cabanela Dec. at 2:12-14.)
9       In light of Dr. Cabanela's direction, Mr. Nedeau is not available to try this case as
10 planned on January 28, 2008.  (Nedeau Dec. at 3:4-6.)  However, he anticipates being available
11 for trial in late February or early March 2008 and continuing thereafter.  (Id.)
12      The only other scheduled date on the Court's pretrial calendar is the January 25, 2008
13 hearing on the parties' motions in limine.  Plaintiffs are prepared to proceed with that hearing as
14 scheduled.[3]
15 **B.     Meet and Confer Attempts**
16      On the morning of January 9, 2008, Mr. Nedeau contacted defendants' counsel, John
17 Cassinat, by telephone to explain the circumstances surrounding Mr. Nedeau's surgery and
18 request that defendants stipulate to the continuance requested in this motion based on Mr.
19 Nedeau's unanticipated unavailability.  (Nedeau Dec. at 3:7-9.)  Mr. Cassinat indicated that he
20 would consult with his client, but that he did not believe that his client would agree to a
21 continuance.  Mr. Nedeau requested that Mr. Cassinat confer with his client and confirm
22 defendants' position.  Subsequently, Mr. Cassinat confirmed defendants' refusal to stipulate.
23 (Nedeau Dec. at 3:10-13.)
24 **II.   PROCEDURAL HISTORY**
25      On May 22, 2007, the Court scheduled the trial of this matter for August 22, 2007.  On
26 ─────────────
27 [3] Mr. Nedeau is working in the office part-time following his surgery and is prepared to attend the January 25, 2008 motion in limine hearing telephonically, if not in person.  This motion is made in light of the rigors of a multiple-day jury trial, as opposed to a single motion
28 hearing.

1  June 11, 2007, the Court issued its Amended Final Pretrial Order in preparation for the August
2  22, 2007 trial.  This order provides for a 15-court day jury trial.  On August 6, 2007, due to the
3  unavailability of the Court's calendar and on the Court's motion, the Court issued a Minute
4  Order continuing the August 20, 2007 trial to October 22, 2007.  On September 19, 2007, the
5  Court granted plaintiffs' motion to continue the October 22, 2007 trial based on the
6  unavailability of plaintiffs' client representative and key witness, Stephen Beatty.  By separate
7  Minute Order of the same date, the Court rescheduled the trial for January 28, 2008.

8  **III.    ARGUMENT AND CITATION OF LEGAL AUTHORITY**

9  Trial courts have broad discretion to grant trial continuances.  Danjaq LLC v. Sony
10 Corp., 263 F.3d 942, 961 (9th Cir. 2001); U.S. v. Flynt, 756 F.2d 1352, 1358 (9th Cir. 1985).  In
11 considering requests for trial continuances, courts generally examine four factors:  (1) the
12 moving party's diligence in preparing its case for trial, (2) usefulness of the continuance, (3)
13 inconvenience to the Court and the opposing party, and (4) prejudice to the moving party.  See
14 id.  Here, all four factors support a brief trial continuance.

15 First, plaintiffs have diligently prosecuted their case, including conducting discovery,
16 seeking writs of attachment, attempting settlement, including mediation, filing dispositive
17 motions after settlement efforts were unsuccessful (through which plaintiffs obtained a
18 determination of defendants' liability), and submitting required pretrial filings.

19 Second, a continuance is useful because it will permit plaintiffs' designated trial counsel,
20 who has spent significant time preparing for trial, try the case as planned.

21 Third, the short continuance sought by plaintiffs is little, if any, inconvenience to
22 defendants and, assuming sufficient space on its calendar, to the Court as well.  In this regard,
23 plaintiffs have promptly moved for a continuance once it was determined by Mr. Nedeau's
24 surgeon that Mr. Nedeau should refrain from courtroom work, including trials, for a minimum of
25 eight weeks following his surgery to ensure proper recovery.

26 Fourth, and most importantly, plaintiffs will be severely prejudiced without a
27 continuance.  Mr. Nedeau became involved in this case for the specific purpose of conducting
28 the jury trial on plaintiffs' behalf.  Mr. Nedeau has prepared as if the trial was going forward on

January 28, 2008. But for his unanticipated medical disability, Mr. Nedeau would be ready to try the case on that date, as planned.

## IV.  DETERMINATION OF PLAINTIFFS' REQUEST FOR A CONTINUANCE ON AN EX PARTE BASIS IS APPROPRIATE

In order for the Court to grant an ex parte request, Local Rule 6-144(e) requires an affidavit from the moving party's counsel showing a satisfactory explanation for (1) the need for ex parte relief, and (2) the failure of counsel to obtain a stipulation to the relief requested. Here, these requirements are satisfied by Mr. Nedeau's declaration discussing his unexpected unavailability for trial and his unsuccessful attempt to obtain a stipulated continuance from defendants' counsel.

Plaintiffs submit that their request for a continuance is appropriate for immediate determination by the Court without further briefing or a hearing. If the Court wishes to have full briefing and a hearing, however, then plaintiffs suggest the following schedule:

- Deadline for defendants to file and serve an opposition to plaintiffs' ex parte application – Tuesday, January 15, 2008; and
- Hearing on plaintiffs' application – Wednesday, January 16, 2008, at 9:00 a.m. Plaintiffs will reserve their reply, if any, for the time of the hearing.

## V.  CONCLUSION

For the reasons discussed above, plaintiffs respectfully request that the Court continue the January 28, 2008 trial for at least 30 days.

DATED: January 10, 2008        SEDGWICK, DETERT, MORAN & ARNOLD LLP

By:  s/Joel M. Long
Joel M. Long
Attorneys for Plaintiffs
American Manufacturers Mutual Insurance Company and
American Motorists Insurance Company

**ORDER GRANTING PLAINTIFFS'**
**EX PARTE APPLICATION TO CONTINUE TRIAL**

For good cause shown above, plaintiffs' ex parte application to continue the January 28, 2008 trial of this matter is granted.

The January 28, 2008 trial date is hereby vacated, and the new trial date for this matter is June 30, 2008, at 9:00 a.m. in Courtroom 3.

It is further ordered the January 25, 2008 Motions in Limine Hearing is vacated and continued to June 20, 2008 at 9:00 a.m. in Courtroom 3.

**IT IS SO ORDERED.**

Dated: January 15, 2008

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE