UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AMERICAN MANUFACTURERS
MUTUAL INSURANCE COMPANY
and AMERICAN MOTORISTS
INSURANCE COMPANY,                      No. 2:05-cv-00122-MCE-GGH

      Plaintiffs,

  v.                                    **ORDER**

CAROTHERS CONSTRUCTION INC.,
DAVID L. CAROTHERS, and
TERRI L. CAROTHERS,

      Defendants.

----oo0oo----

The Motion presently before the Court, denominated as a "Motion to Enforce Settlement", represents an effort by Plaintiffs in this matter to compel Defendants to execute a Stipulation for Entry of Judgment, along with a written Settlement Agreement, as contemplated at the time the parties' settlement in this case was entered into, on the record and in open court, on August 4, 2008.  The transcript from the August 4th proceedings, however, shows plainly that, irrespective of any additional written settlement documents, the agreement to resolve the matter was binding between the parties that day.

1

August 4, 2008 Transcript, 22:1-10, Exhibit "A" to the Decl. of Joel M. Long. While the Court indicated its preference that the settlement be reduced to writing (id. at 8:21-22), that was not a mandatory condition to the settlement, and even absent the written documents sought by Plaintiffs the settlement remains enforceable as entered on the record.

There is no dispute that Defendants are not currently in default with respect to the terms of the August 4 settlement. That agreement called for a total of $200,000.00 to be paid within 90 days following August 4, 2008 (id. at 14:18-25). The parties further agreed that the remaining amount of the total $1,550,000.00 had to be paid within eighteen months, or by February 4, 2010, to avoid default. (See id. at 21:12-14). At the present time, it is undisputed that Defendants have more than complied with the terms of the settlement inasmuch as Plaintiffs have already paid a total of $589,147.16. Defendants are not in default, and there is nothing as to which the Court must enforce, unless Defendants fail to pay the remaining settlement balance ($960,852.84) by February 4, 2010.

///
///
///
///
///
///
///
///
///


August 4, 2008 Transcript, 22:1-10, Exhibit "A" to the Decl. of Joel M. Long. While the Court indicated its preference that the settlement be reduced to writing (id. at 8:21-22), that was not a mandatory condition to the settlement, and even absent the written documents sought by Plaintiffs the settlement remains enforceable as entered on the record.

There is no dispute that Defendants are not currently in default with respect to the terms of the August 4 settlement. That agreement called for a total of $200,000.00 to be paid within 90 days following August 4, 2008 (id. at 14:18-25). The parties further agreed that the remaining amount of the total $1,550,000.00 had to be paid within eighteen months, or by February 4, 2010, to avoid default. (See id. at 21:12-14). At the present time, it is undisputed that Defendants have more than complied with the terms of the settlement inasmuch as Plaintiffs have already paid a total of $589,147.16. Defendants are not in default, and there is nothing as to which the Court must enforce, unless Defendants fail to pay the remaining settlement balance ($960,852.84) by February 4, 2010.

///
///
///
///
///
///
///
///
///

1     Plaintiff's Motion to Enforce Settlement (Docket No. 242) is
2 accordingly DENIED[1] at this juncture.  Plaintiff's attorney's fee
3 request in conjunction with that Motion is also denied.
4     IT IS SO ORDERED.

Dated: December 10, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  E.D. Local Rule 230(g).